UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAMALJIT SINGH KHERA,<br><br>Defendant. | No. 2:03-cr-103-JAM-EFB P<br><br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Defendant was convicted of several narcotics violations in March 2005 and is now in the custody of the Bureau of Prisons. He has filed a motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g). ECF No. 411. The government filed a response, ECF No. 413, and defendant filed a reply, ECF No. 414. For the reasons that follow, it is recommended that defendant's motion be granted in part, denied in part, and stayed in part.

**I. BACKGROUND**

**A. Defendant's Motion**

Although defendant's motion seeks an order "compelling the government to return *all* the property seized from the defendant," ECF No. 411 at 1 (emphasis added), the subsequent filings identify the specific items that defendant seeks to have returned.[1]

---

[1] Even the initial motion provided some specificity as to the property that defendant sought to have returned. *See* ECF No. 411 at 1 ("See EXHIBIT 'A' for a list of property requested to be returned.").

1

**B. The Government's Response**

The government's response is based on the declaration of Assistant United States Attorney Anne Pings. *See* ECF No. 413-1. She explains that she contacted DEA Special Agent Taylor after receiving defendant's motion. *Id.* at 1. Agent Taylor stated that she had mailed letters to the last known addresses of defendant and his family, asking that they retrieve the seized property. *Id.* Defendant subsequently stated, through counsel, that his family had moved out of the country and no longer resided at the addresses to which Taylor mailed the letters. *Id.*

Pings then contacted defendant's last known counsel, who in turn contacted defendant. *Id.* Defendant designated an acquaintance to retrieve his property from the DEA, and, on January 10, 2014, defendant's acquaintance "retrieved all the seized property in DEA custody from Special Agent Taylor . . . ." *Id.* at 1-2. But Pings qualified her use of "all," explaining that the government did not return—and has no intention of returning—a gun, magazines, postal service mailbox keys, or defendant's California Highway Patrol "membership" identification. *Id* at 2. Pings's declaration explains that the gun and magazines were not returned because defendant is a convicted felon and cannot possess guns or ammunition. *Id.* Additionally, the mailbox keys were not returned to defendant's acquaintance because the government has already returned them to the United States Postal Service. *Id.*[2]

As to defendant's request regarding alleged unlawful liens on his GMC Yukon Denali sport utility vehicle, Pings's declaration includes a printout from the Department of Motor Vehicles that indicates there is currently no lien from the DEA related to this vehicle. *Id.* (citing Ex. C).[3]

Pings's declaration also indicates that some of defendant's seized property had been transferred to the IRS for forensic examination, including: two Sony notebook computers, one

---

[2] Defendant's motion does not seek return of the mailbox keys and his reply does not challenge the decision to return the keys to the United States Postal Service. Accordingly, these findings and recommendations do not address that property.

[3] Defendant notes in his reply that he learned on December 2, 2013 that the hold on the vehicle had been removed. ECF No. 414 at 6. Accordingly, these findings and recommendations does not address the lien.

2

1 power supply, and a Sony accessory bag containing several items. *Id.* Pings notes that she spoke
2 with Special Agent Delaney, who reported that his agency was unable to locate those items after a
3 thorough search. *Id.* at 3. Delaney explained that the IRS has moved its office and evidence
4 storage locations several times in the ten years following the seizure of the defendant's property.
5 *Id.*

6 The government indicates that it is unaware of any other of defendant's property still in its
7 custody. ECF No. 413 at 3-4.

8 **C. Defendant's Reply**

9 In his reply to the government's response, defendant states that he "made sure a non-
10 convicted felon was available to take custody of the property." ECF No. 414 at 2. He argues that
11 the government should (1) release the gun and magazines to his acquaintance, (2) release those
12 items to a gun store of defendant's choice, (3) pay the defendant the fair market value for the
13 items, or (4) file for forfeiture. *Id.*

14 As to the "membership" identification, defendant argues that the item was a gift he
15 received for making a donation to the California Highway Patrol's 11-99 Foundation. *Id*.
16 Defendant argues that the government has neither filed for forfeiture of the property nor
17 established that he is not entitled to it. *Id.* at 3.

18 As to the property previously in the possession of the IRS, defendant argues that the court
19 should hold Assistant U.S. Attorney Pings responsible and that she should have to pursue the
20 administrative remedy with the IRS. *Id.* at 4.

21 Lastly, defendant's reply states that he is still missing a black Gucci bag and two pairs of
22 Gucci glasses. *Id.* at 5. The glasses allegedly were inside of the bag, and the bag was inside of
23 the vehicle in which the defendant was arrested. Although a forfeiture was filed on that car, none
24 was filed on the bag or glasses. *Id.* According to defendant, other items that were inside of the
25 bag have been returned. *Id.*

26 /////
27 /////
28 /////

## II. STANDARD

The Ninth Circuit recently summarized the case law regarding motions for the return of property under Rule 41(g):

> "A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).  The burden of proof on a Rule 41(g) motion depends on when the defendant files the motion.  "When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) (citations omitted).  But that burden of proof changes when "the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation." *Id.*  Then, the burden of proof shifts and the defendant "is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *Id.*; *see also United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013) (explaining that a "defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence." (internal quotation marks and citation omitted)).
>
> The government can rebut the presumption that property ought to be returned by proving a "legitimate reason" for retaining the property that is "reasonable [ ] under all of the circumstances." *Kriesel*, 720 F.3d at 1145; *see also United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005) ("[T]he government has the burden of showing that it has a legitimate reason to retain the property." (quotation marks omitted)); *Ramsden v. United States*, 2 F.3d 322, 326 (9th Cir. 1993) (explaining that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." (internal quotation marks and citation omitted)). . . . The simplest way for the government to carry its burden is to prove "the property . . . is contraband or subject to forfeiture." *Martinson*, 809 F.2d at 1369; *see also United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996) ("It is well-settled that the federal government may defeat a Rule [41(g)] motion by demonstrating that the property is subject to federal forfeiture."). To that end, district courts "must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). The government can therefore carry its burden by submitting evidence that demonstrates the property is contraband or the property falls within the court's forfeiture order. *See, e.g., Harrell*,

> 530 F.3d at 1056-57. But showing the property is contraband or forfeit is not the only way the government can justify retaining the property; the government can otherwise retain property if it can show a "legitimate reason" for doing so. *See, e.g., Kriesel*, 720 F.3d at 1145-47 (holding that the government's retention of the defendant's blood sample was "reasonable under the circumstances" because the government needed the sample to ensure the accuracy of future DNA identifications).

*United States v. Gladding*, No. 12-10544, 2014 WL 7399113, at *2 (9th Cir. Dec. 31, 2014).

## III. ANALYSIS

Defendant's motion focuses on the gun and magazines, the California Highway Patrol "membership" identification, and the property previously in the possession of the IRS. Defendant argues—and the government does not dispute—that such property is no longer needed for evidentiary purposes because he has been convicted and sentenced. Therefore, defendant "is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *Martinson*, 809 F.2d at 1369.

### A. California Highway Patrol "Membership" Identification

The government has not provided any—let alone a legitimate—reason for not returning defendant's California Highway Patrol "membership" identification. Accordingly, it is recommended that the court order the return of that property to defendant.

### B. Property Previously in the Possession of the IRS

The defendant expressing his "hope[] [that] the Court will hold AUSA Anne Pings responsible and then AUSA Anne Pings can pursue administrative remedy with the IRS," ECF No. 414 at 4, suggests a request for money damages for the property that the IRS cannot locate. However, "sovereign immunity bars an award of money damages against the government on a Rule 41(g) motion where the property cannot be returned." *Ordonez v. United States*, 680 F.3d 1135, 1138 (9th Cir. 2012). Any request in defendant's Rule 41(g) motion for an award of money damages for the property that the IRS cannot locate must be denied.

/////

/////

5

**C. Gucci Bag and Glasses**

The government's response to defendant's motion suggests that the Gucci bag and glasses are not in the custody of the government. ECF No. 412 at 3-4 (omitting any mention of those items and declaring "the government is not aware of any other property seized in the course of this investigation that is still in the custody of the government"). Because the court cannot order the government to return property that it does not possess, it is recommended that the court deny defendant's motion to the extent it seeks return of the Gucci bag and glasses. To the extent defendant requests the court to "hold the government responsible [for] this missing property," ECF No. 414 at 5, sovereign immunity bars an award of money damages as a remedy on the Rule 41(g) motion. *See Ordonez*, 680 F.3d at 1138.

**D. Gun and Magazines**

The government suggests that it need not return defendant's gun and magazines because defendant is a convicted felon and therefore cannot legally possess guns or ammunition. ECF No. 143 at 2. Although this argument appears in both Ms. Pings's declaration, ECF No. 413-1 at 2, and the government's response to defendant's motion, ECF No. 413 at 2, neither supporting authority addressing the question of whether the government must either release the property to a designated third party who is not a felon, commence a forfeiture of the guns and ammunition, or otherwise pay defendant the fair market value for property. Defendant does not dispute that his status as a convicted felon prohibits him from possessing guns or ammunition. However, he argues that the acquaintance he designated to receive his stolen property is not a convicted felon and not otherwise prohibited from possessing the gun and magazines. ECF No. 414 at 2. Defendant therefore proposes that the government (1) release the gun and magazines to his acquaintance, (2) release those items to a gun store of defendant's choice, (3) pay the defendant the fair market value for the items, or (4) file for forfeiture. *Id.*

Although neither the government nor defendant cited statute or case in law in support of their arguments, there is case law supporting both positions. For example, the Eighth Circuit has reasoned:

/////

> Federal law prohibits convicted felons from possessing guns. *See* 18 U.S.C. § 922(g) (1994). Based upon Felici's status as a convicted felon, the district court could properly conclude without receiving evidence that Felici is not entitled to a return of the firearms. Felici is also not entitled to have the firearms held in trust for him by a third party. Such a request suggests constructive possession. Any firearm possession, actual or constructive, by a convicted felon is prohibited by law. Hence, based upon the facts and the law, the district court could properly deny Felici's motion for the return of his firearms without receiving any additional evidence.

*United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000) (footnote and citation omitted); *accord United States v. Howell*, 425 F.3d 971, 976-77 (11th Cir. 2005) ("Although not actual possession, the defendant asks this court to either place the firearms in the possession of a relative in trust or sell the firearms and distribute the proceeds to him. Even though the defendant's rationale is interesting, it is beyond the scope of Rule 41(g).").

On the other hand, the Seventh Circuit has found:

> Because the United States did not commence a timely forfeiture proceeding, Miller's property interest in the firearms continues even though his possessory interest has been curtailed. If the United States does not want to sell them for his account, then it must offer Miller some other lawful option: having a trustee sell or hold the guns, or giving them to someone who can be relied on to treat them as his own.

*United States v. Miller*, 588 F.3d 418, 420 (7th Cir. 2009).

This issue over which the circuits are split is now pending before the United States Supreme Court. *See Henderson v. United States*, 135 S. Ct. 402 (2014) (granting certiorari).[4]

---

[4] The Solicitor General's brief to the Supreme Court actually supports one of defendant's proposals:

> Because Section 922(g)(1) does not extinguish a convicted felon's ownership interest in firearms, a person who seeks to maintain or transfer his ownership interest after being convicted of a felony is not categorically prohibited from doing so. But he may not transfer his ownership interest in a way that results in his actual or constructive possession of the firearms.

/////

Accordingly, the undersigned recommends that the court stay defendant's motion as to the gun and magazines until the Supreme Court issues an opinion in *Henderson*.

**IV.  RECOMMENDATION**

Accordingly, it is hereby recommended that the court grant defendant's motion for return of property (ECF No. 411) to the extent it seeks return of the California Highway Patrol "membership" identification, but deny the motion as to property previously in the possession of the IRS and the Gucci bag and sunglasses.  As to the gun and magazines, the court should stay the motion until the United States Supreme Court issues a decision in *Henderson v. United States*, 135 S. Ct. 402.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 18, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

> One way that a convicted felon could divest himself of his ownership interest in firearms without violating Section 922(g)(1)'s ban on possession is for his firearms to be transferred to a federal firearms licensed dealer, who would sell the firearms on consignment and give the net proceeds to the convicted felon. So long as the felon does not exercise control over the firearms during or after the sale, his receipt of money in exchange for his ownership interest would not amount to constructive possession.

*Henderson v. United States*, No. 13-1487, Solicitor Gen.'s Br. (Jan. 13, 2015), *available at* 2015 WL 179410 at *12-13 *and* http://www.justice.gov/osg/brief/henderson-v-united-states.